# THE ATTORNEY GENERAL
## OF TEXAS



Gerald C. Mann

~~XXXXXXXXXXXXXX~~

ATTORNEY GENERAL

Hon. Lee Brady
Commissioner
Department of Banking
Austin, Texas

Dear Sir:

Opinion No. O-2408
Re: Does the outlined plan of stock
sales of the Southern States Life
Underwriters, Inc., as set out in the
attached certificate, come within the
purview of Articles 1524a to 1524k,
inclusive?

Your recent request for an opinion of this department
on the above stated question has been received.

Your letter reads in part as follows:

"The Southern States Life Underwriters, Inc.,
is a Texas corporation, having a paid-in capital
stock of $25,000.00 divided in twenty five thousand
non-par shares. This corporation is one which un-
doubtedly comes within the purview of Articles
1524a to 1524k, and if the corporation were offer-
ing for sale its bonds, notes, or other obligations
creating the relation of debtor and creditor between
the company and the holder, it would undoubtedly be
entitled to make use of the facilities provided for
under the above mentioned articles.

"This company has acquired, and now holds,
twelve thousand shares of its own stock. It proposes
to sell a portion of this stock on the installment
plan, and has conceived the idea of making use of the
facilities provided for under the above mentioned
statute in its proposed stock-selling campaign. Rough-
ly, the plan is as follows:

"The company proposes to deposit with the State
Treasurer a portion of this treasury stock equal to
the amount of stock to be sold on the installment plan.
It proposes to issue and sell certificates, which,
when paid for, would entitle the holder to receive a
designated number of these shares of stock of the com-
pany. These certificates are payable in installments
over a several year period, and the company, as a
bonus or inducement to the purchaser, agrees that dur-
ing the time that this certificate is being paid out,
the company, out of its surplus and undivided profits,

would deposit with the State Treasurer a sum to be determined upon contingencies not important in this connection, this sum to be divided among the holders of the certificates. Pursuant to this plan the corporation has requested the Commissioner to approve the certificate and the deposit of the stock with the State Treasurer upon the theory that this is a transaction coming within the purview of Articles 1524-a to 1524-k. For the sake of brevity I have attached hereto a copy of this certificate which is self-explanatory."

The Southern States Life Underwriters, Inc., was organized for the following purposes:

"To accumulate and loan money, to sell and deal in notes, bonds, and securities; to act as Trustee under any lawful express trust committed to it by contract, and as agent for the performance of any lawful act, to subscribe for, purchase, invest in, hold, own, assign, pledge and otherwise deal in and dispose of shares of capital stocks, bonds, mortgages, debentures, notes and other securities and obligations, contract and evidence of indebtedness of foreign or domestic corporations not competing with each other in the same line of business, to borrow money or issue debentures for carrying out any or all purposes above enumerated; provided the power and authority herein conferred shall in no way affect any of the provisions of the antitrust laws of this State."

The Southern States Life Underwriters, Inc. desires to enter into the participating stock purchase contract, a copy of which is attached, to escrow the securities required by the Banking Commissioner and insert on the participating stock purchase the following notation:

"This form of contract is approved by the Banking Commission of the State of Texas."

Sections 1, 7 and 12 of Article 1524a read as follows:

"Sec. 1. This Act shall embrace corporations heretofore created and hereafter created having for their purpose or purposes any or all of the powers now authorized in Subdivisions 48, 49 or 50 of Article 1302, Revised Civil Statutes of Texas, 1925, and heretofore or hereafter created having in whole or in part any purpose or purposes now authorized in Chapter 274, Senate Bill Number 232 of the General

and Special Laws of the Regular Session of the 40th Legislature. No such corporation shall act as agent or trustee in the consolidation of or for the purpose of combining the assets, business or means of other persons, firms, associations or corporations, nor shall such corporation as agent or trustee carry on the business of another. No such corporation shall offer for sale or sell its bonds, notes, certificates, debentures or other obligations unless it shall have an actual paid in capital of not less than Ten Thousand ($10,000.00) Dollars.

"Sec. 7.  All bonds, notes, certificates, debentures, or other obligations sold in Texas by any corporation affected by a provision of this Act shall be secured by securities of the reasonable market value, equaling at least at all times the face value of such bonds, notes, certificates, debentures or other obligations.  If such corporation sells in Texas bonds, notes, certificates, debentures or other obligations upon which it receives installment payments, such bonds, notes, certificates, debentures and other obligations shall be secured at all times by securities having the reasonable market value to the withdrawal or cancellation value of such obligations outstanding.  Said securities shall be placed in the hands of a corporation having trust powers approved by the Banking Commissioner of Texas as Trustee under a trust agreement, the terms of which shall be approved in writing by the Banking Commissioner of Texas.  Provided, that before selling or offering for sale on the installment plan in Texas any such bonds, notes, certificates, debentures, or other obligations, such corporation shall file with the Banking Commissioner specimen copies of such bonds, notes, certificates, debentures or other obligations.  Unless within sixty (60) days after the filing of any such specimen copy the Banking Commissioner issues a notice to such corporation of a hearing to determine whether such instrument is fraudulent, unreasonable or inequitable, the same shall be deemed to have been approved by the Banking Commissioner.  But if, after hearing pursuant to notice issued within said period of sixty (60) days, the Banking Commissioner should find and determine that any such bond, note, certificate, debenture, or other obligation is either fraudulent, unreasonable, or inequitable, such corporation shall have no right to sell or offered for sale in the State of Texas such bond, note, certificate, debenture or other obligation so found to be fraudulent, unreasonable, or inequitable.  Provided, that any such corporation may have such

finding reviewed in the District Court of Travis County, Texas, by filing suit against the Banking Commissioner in such Court at any time within sixty (60) days after receiving notice of such finding. In such suit such corporation shall be entitled to a trial de novo on the issues on which the Banking Commissioner shall have made such adverse findings. If as the result of such trial the issues shall be determined favorably to such corporation, the adverse findings of the Banking Commissioner shall have no further binding force or effect; and in that event, the right to sell such notes, bonds or other obligations may be protected by injunction issued in said cause. Provided, that either party shall have the right of appeal according to Statutes governing appeals in Civil cases.

"All cash or securities left with the State Treasurer in compliance with Article 696, Revised Civil Statutes of 1925 shall be considered as part of the collateral required under this Section.

"All bonds, notes, certificates, debentures or other obligations, sold or offered for sale in Texas by such corporation shall definitely describe the character of collateral securing the payment of such obligation.

"In the event any such corporation shall sell or offer for sale in Texas, any bonds, notes, certificates, debentures or other obligations without complying with this Section, such conduct shall constitute grounds for the forfeiture of its charter at the suit of the Attorney General, which suit shall be brought upon the request of the Banking Commissioner of Texas.

"Sec. 12. None of the provisions of this Act, except that portion of Section 4 requiring the filing of financial statements, shall apply to sales made by any corporation affected by this Act, except sales by such corporations of bonds, notes, certificates, debentures or other obligations issued by and that are direct obligations of the corporation selling or offering the same for sale. The words 'notes,' 'certificates', 'debentures', and 'other obligations', as used in this Act, shall not be construed to cover or include notes executed by corporations to banks and other financial institutions for money borrowed by such corporations for use in the usual course of its business."

We have been unable to find any cases where the appellate courts of this State have construed the above mentioned statutes relative to the question under consideration.

As above mentioned, the Southern States Life Underwriters, Inc., proposes to sell twelve thousand shares of its stock at $25.00 per share, such being held by the company at this time as treasury stock. It proposes to sell the stock upon the form of contract as above mentioned and to escrow with the State Treasurer such security as the Banking Commissioner may require as a guarantee that the said Southern States Life Underwriters, Inc. will perform the obligations set forth in the participating stock purchase contract. The obligations of the company thereunder are to deliver the stock certificates therein described when paid for and to provide an annual bonus fund for stockholders, as provided in the contract. The other obligations resting upon the company under the proposed contract are fully set out therein.

Apparently, Articles 1524a to 1524k, inclusive, were designed to regulate the sales of bonds, notes, certificates, debentures or other obligations of corporations which create the relation of debtor and creditor between the corporation issuing the same and the holder of the certificates, etc., and that the facilities provided for under the above mentioned articles are not designed for the purpose of enabling the corporation to sell its stock on an installment basis.

It is our opinion that the proposed transaction of the Southern States Life Underwriters, Inc. does not involve the sale of "certificates or other obligations", within the meaning of the above mentioned statutes. Therefore, the proposed plan of stock sales of the Southern States Life Underwriters, Inc. would not come within the purview of Articles 1524a to 1524k, inclusive.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

APPROVED JUN 26, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

AW:AW:wb